UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

AZAEL DYTHIAN PERALES,     )
     )
     Plaintiff,     )
     )     1:10-CV-244
v.     )     *Collier / Lee*
     )
FEDERAL ELECTION COMMISSION, *et al.*, )
     )
     Defendants.     )

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Before the Court is the motion of Azael Dythian Perales ("Perales") to proceed *in forma pauperis* [Doc. 1]. Perales is homeless, and it appears he is indigent. Because his complaint fails to state a claim on which relief can be granted, however, I **RECOMMEND** Perales' complaint be dismissed. *See* 28 U.S.C. § 1915(e)(2).

## II.    ANALYSIS

Perales seeks a modest $3,000,000,000.00 in damages from the Federal Election Commission ("FEC") and other entities too numerous to name. His complaint, while hard to follow at times, can be separated into the following allegations.

### A.    Alleged ERISA Violations

Perales alleges that the Defendants have violated the Employee Retirement Income Security Program ("ERISA").[1] Perales does not appear to be alleging that an employer wrongfully denied his benefits, but instead alleges that ERISA itself is inadequate. For example, Perales alleges,

---

[1] Perales cites to 29 U.S.C. § 1001, which recites the congressional findings and declaration of policy for ERISA.

> Employees with long term years of employment [s]uch as me with twenty two years (22) in the American [w]orkforce are losing anticipated retirement benefits owing to the [l]ack of vested provision in such plans: that owing to the [i]nadequacy of current minimum standards offered by my past [e]mployer . . . , [the s]oundness and stability of plans with respect to adequate funds to pay [p]romised benefits may be endangered.

[Doc. 2 at 3-4]. Perales seems to confuse ERISA employer-provided plans with federal entitlement programs; he states that "[a]s a result of the Defendants['] violation of [ERISA,] [t]he Defendants have substantially affected the revenues of [t]he United States entitlement programs negatively, inducing [p]overty towards me . . . ." [*Id.* at 4]. To the extent that Perales seeks to compel Defendants to enact legislation that would mandate sound and stable benefits plans for American workers, the complaint presents a non-justiciable question.

### B.   Alleged Violations of the Civil Rights Act and RICO

Perales also alleges that Defendants have violated the Civil Rights Act of 1964 by discriminating against him based on his race ("Hispanic African American"), his gender ("Male"), and his religion ("belief of Judaism which Beliefs[] are that of the Law of Moses and Christianity"). [*Id.* at 5]. He alleges he has been denied equal representation under law. It appears that the basis for the allegations are as follows:[2] Sometime in 2003, there was an "initial controversy" for which Perales sought a "civil remedy." Perales "commissioned" "[s]everal people in the U.S. Congress and the U.S. Senate representing the State of California" to "investigate" his claims. Those elected officials apparently did not provide the remedy he sought, because Perales then "contacted the Defendants about the criminality" of the officials he had "commissioned." The Defendants,

---

[2] The following paragraph is a summary of the allegations found on pages 5 through 7 of Perales' complaint.

according to Perales, "are guilty of [v]iolations of professional standards and code of conduct" because they did not respond to his correspondence. Perales has not alleged any facts whatsoever indicating that the Defendants' unresponsiveness was based on his race, gender, or religion. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Indeed, Perales has not even alleged that the Defendants knew of his race, gender, or religion.

### C. Alleged RICO violations

Third, Perales alleges he submitted evidence to the Defendants of the "economic tyranny" of "crooked" politicians. Perales had hoped the FEC would "thwart" the eligibility of these officials for reelection, but they did not do so. As a result, Perales alleges, they are guilty of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 [*id.* at 7]. Following a lengthy recitation of the development of caselaw interpreting RICO, Perales concludes he has "proved racketeering . . . through proof of a pattern of [r]acketeering activity." [*Id.* at 20]. To the contrary, Perales has not even *alleged* a single instance of racketeering activity (e.g., murder, kidnapping, gambling, bribery, embezzlement, etc., 18 U.S.C. § 1961(1)). He has therefore failed to state a claim under RICO.

### D. Other Allegations

Finally, Perales alleges that the Federal Reserve Board "[f]ailed to coordinate the Bank supervisory functions of the system and [e]valuate the examination procedures of the Reserve Banks," and "facilitated the mortgage meltdown . . . ." [*Id.* at 26-27]. These failures, according to Perales, were a conspiracy to obstruct justice and violated Title 12 of the U.S. Code and the Securities and Exchange Act of 1934. Plaintiff has not shown a concrete, individualized harm from the occurrence of the "mortgage meltdown," and he consequently lacks standing to bring this claim.

Perales also alleges that "[t]he Federal Reserve failed to show concern for small businesses and losses" by making foreign loans [*id.* at 28], but this too is non-justiciable.

## III.    CONCLUSION

Because Perales has not stated any justiciable claims, I **RECOMMEND** his complaint be

**DISMISSED WITH PREJUDICE**.[3]

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).